ORIGINAL

Approved: _____

19MAG11265

DANIELLE M. KUDLA
Assistant United States Attorney

Before:    THE HONORABLE BARBARA MOSES
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - - - - X
                                         :    SEALED COMPLAINT
UNITED STATES OF AMERICA                 :
                                         :
                                         :    Violations of
              - v. -                     :    18 U.S.C. §§ 1349,
                                         :    1028A and 2
                                         :
ANGELO ALVARADO,                         :    COUNTY OF OFFENSE:
DARRYL HENDERSON,                        :    NEW YORK
NISAIAH NOBLE,                           :
JONATHAN RIOS, and                       :
GENESIS WILSON,                          :
                                         :
              Defendants.                :
                                         :
- - - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        Kayvan Kazemi, being duly sworn, deposes and says that
he is a Postal Inspector with the United States Postal Inspectors
Service ("USPIS"), and charges as follows:

COUNT ONE
(Conspiracy to Commit Bank Fraud)

        1.    From at least in or about January 2019, up to and
including at least in or about April 2019, in the Southern District
of New York and elsewhere, ANGELO ALVARADO, DARRYL HENDERSON,
NISAIAH NOBLE, JONATHAN RIOS, and GENESIS WILSON, the defendants,
and others known and unknown, willfully and knowingly, did combine,
conspire, confederate, and agree together and with each other to
commit bank fraud, in violation of Title 18, United States Code,
Section 1344.

        2.    It was a part and object of the conspiracy that ANGELO
ALVARADO, DARRYL HENDERSON, NISAIAH NOBLE, JONATHAN RIOS, and
GENESIS WILSON, the defendants, and others known and unknown,

willfully and knowingly, executed, and attempted to execute, a
scheme and artifice to defraud a financial institution, the
deposits of which were then insured by the Federal Deposit
Insurance Corporation, and to obtain moneys, funds, credits,
assets, securities, and other property owned by, and under the
custody and control of, such financial institution by means of
false and fraudulent pretenses, representations, and promises, in
violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

### COUNT TWO
(Aggravated Identity Theft)

3.    From at least in or about January 2019, up to and
including at least in or about April 2019, in the Southern District
of New York and elsewhere, ANGELO ALVARADO, DARRYL HENDERSON,
NISAIAH NOBLE, and JONATHAN RIOS, the defendants, knowingly did
transfer, possess, and use, without lawful authority, a means of
identification of another person, during and in relation to a
felony violation enumerated in Title 18, United States Code,
Section 1028A(c), to wit, ANGELO ALVARADO, DARRYL HENDERSON,
NISAIAH NOBLE, and JONATHAN RIOS possessed and used the names and
bank account numbers of other persons for the purpose of furthering
fraudulent withdrawals through these persons' bank accounts,
during and in relation to the conspiracy to commit bank fraud
charged in Count One of this Complaint.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b)
and 2.)

The bases for my knowledge and for the foregoing charges
are, in part, as follows:

4.    I have been a Postal Inspector with USPIS for seven
years.  During this time, I have conducted numerous investigations
into various financial frauds, including bank fraud, and I am
familiar with the way in which such crimes are committed.

5.    I have been personally involved in the investigation of
this matter, and I base this affidavit on that experience, my
conversations with other law enforcement officials, and my
examination of various reports and records.  Because this affidavit
is submitted for the limited purpose of establishing probable
cause, it does not include all the facts I have learned during the
course of my investigation.  Where the contents of documents and
the actions, statements, and conversations of others are reported

herein, they are reported in substance and in part, except where otherwise indicated.

## OVERVIEW OF THE SCHEME TO DEFRAUD BANK-1 AND STEAL PERSONAL IDENTIFYING INFORMATION FROM BANK-1'S CUSTOMERS

6.    Based on my involvement in this investigation, I have learned, in substance and in part, that ANGELO ALVARADO, DARRYL HENDERSON, NISAIAH NOBLE, JONATHAN RIOS, and GENESIS WILSON, the defendants, undertook a scheme to defraud a bank by withdrawing at least approximately $75,000 to which they were not entitled from the bank accounts of victim account holders at a particular national bank ("Bank-1") using fraudulent debit cards containing the victims' bank account numbers.  ALVARADO and NOBLE performed balance inquiries at automated teller machines ("ATMs") to ensure that a particular fraudulent debit card both worked properly and referred to an account with sufficient funds for withdrawal. Then, once they ensured funds were available, ALVARADO, HENDERSON, NOBLE, RIOS, and Wilson used the fraudulent debit cards to withdraw currency via teller windows.    Based on my investigation and discussions with bank investigators, I know that the victim account holders did not authorize ALVARADO, HENDERSON, NOBLE, RIOS, and WILSON to either access information about or receive funds from their bank accounts. ALVARADO, HENDERSON, NOBLE, and RIOS each engaged in fraudulent transactions using Bank-1's customers' true and correct names and bank account numbers in the Southern District of New York.

### Victim-1 and Victim-7

7.    I have learned, in substance and in part, about the following fraudulent activity involving the accounts of two particular victims ("Victim-1" and "Victim-7").

a.    Based on my review of video surveillance from Bank-1, and my comparison of individuals in the surveillance footage with images from law enforcement and other databases of NISAIAH NOBLE, JONATHAN RIOS, and ANGELO ALVARADO, the defendants, I have learned that NOBLE, RIOS, and ALVARADO defrauded Bank-1 by using fraudulent debit cards containing the true and correct bank account numbers connected to the Bank-1 accounts of Victim-1 and Victim-7.

b.    I have learned from video surveillance and other records that, on or about March 10, 2019, at approximately 11:59 p.m., NOBLE performed an account balance inquiry for Victim-1 at an ATM located in New York, New York.  On or about March 19,

3

2019 at approximately 1:23 p.m., video surveillance at a bank teller window located in New York, New York, showed that RIOS made two withdrawals totaling approximately $9,000 from the account of Victim-1.

           c.    I have learned from video surveillance and other records that, on or about March 21, 2019, at approximately 10:49 a.m., NOBLE performed an account balance inquiry for Victim-1 at an ATM located in New York, New York. On or about March 22, 2019, at approximately 2:40 p.m., video surveillance at a bank teller window located in Litchfield, Connecticut, showed that ALVARADO made two withdrawals totaling approximately $2,237 from the account of Victim-1.

           d.    I have learned from video surveillance and other records that, on or about March 3, 2019, at approximately 11:01 p.m., NOBLE performed an account balance inquiry for Victim-7 at an ATM located in New York, New York. On or about March 4, 2019 at approximately 1:28 p.m., video surveillance at a bank teller window located in New York, New York, showed that RIOS made two withdrawals totaling approximately $9,000 from the account of Victim-7.

           e.    I have learned from video surveillance and other records that, on or about March 11, 2019, at approximately 12:04 p.m., ALVARADO performed an account balance inquiry for Victim-7 at an ATM located in Danbury, Connecticut. On or about March 11, 2019, at approximately 12:23 p.m., video surveillance at a bank teller window located in Danbury, Connecticut, showed that ALVARADO made two withdrawals totaling approximately $2,160 from the account of Victim-7.

           f.    Based on discussions with investigators at Bank-1 and my review of Bank-1 records, I learned that Victim-1 and Victim-7 did not authorize NOBLE, RIOS, or ALVARADO to access or receive funds from their respective accounts.

### Victim-2

    8.    I have learned, in substance and in part, about the following fraudulent activity involving the account of Victim-2.

           a.    Based on my review of video surveillance from Bank-1, and my comparison of individuals in the surveillance footage with images from law enforcement and other databases of NISAIAH NOBLE, ANGELO ALVARADO, and GENESIS WILSON, the defendants, I have learned that, NOBLE, ALVARADO, and WILSON

4

defrauded Bank-1 by using a fraudulent debit card containing the true and correct bank account number connected to the Bank-1 account of Victim-2.

b. I have learned from video surveillance and other records that, on or about February 11, 2019, at approximately 1:53 a.m., NOBLE performed an account balance inquiry for Victim-2 at an ATM located in New York, New York. On or about February 13, 2019, at approximately 10:29 a.m., ALVARADO performed an account balance inquiry for Victim-2 at an ATM located in Newburgh, New York. On or about February 19, 2019, at approximately 10:58 a.m., video surveillance at a bank teller window located in Fairfield, Connecticut, showed that WILSON withdrew approximately $980 from the account of Victim-2.

c. Based on discussions with investigators at Bank-1 and my review of Bank-1 records, I learned that Victim-2 did not authorize NOBLE, ALVARADO, or WILSON to access or receive funds from Victim-2's account.

## Victim-3

9. I have learned, in substance and in part, about the following fraudulent activity involving the account of Victim-3.

a. Based on my review of video surveillance from Bank-1, and my comparison of individuals in the surveillance footage with images of JONATHAN RIOS, the defendant, from law enforcement and other databases, I have learned that, RIOS defrauded Bank-1 by using a fraudulent debit card containing the true and correct bank account number connected to the Bank-1 account of Victim-3.

b. I have learned from video surveillance and other records that, on or about January 14, 2019, at approximately 11:39 a.m., video surveillance at a bank teller window located in New York, New York, showed that RIOS withdrew approximately $4,000 from the account of Victim-3.

c. Based on discussions with investigators at Bank-1 and my review of Bank-1 records, I learned that Victim-3 did not authorize RIOS to access or receive funds from Victim-3's account.

## Victim-4

10.   I have learned, in substance and in part, about the following fraudulent activity involving the account of Victim-4.

a.   Based on my review of video surveillance from Bank-1, and my comparison of individuals in the surveillance footage with images from law enforcement and other databases of NISAIAH NOBLE and ANGELO ALVARADO, the defendants, I have learned that, NOBLE and ALVARADO defrauded Bank-1 by using a fraudulent debit card containing the true and correct bank account number connected to the Bank-1 account of Victim-4.

b.   I have learned from video surveillance and other records that, on or about March 4, 2019, at approximately 1:14 a.m., NOBLE performed an account balance inquiry for Victim-4 at an ATM located in New York, New York. On or about April 4, 2019, at approximately 1:15 p.m., video surveillance at a bank teller window located in Montvale, New Jersey, showed that ALVARADO made two withdrawals totaling approximately $2,437 from the account of Victim-4.

c.   Based on discussions with investigators at Bank-1 and my review of Bank-1 records, I learned that Victim-4 confirmed that Victim-4 did not authorize NOBLE or ALVARADO to access or receive funds from Victim-4's account.

## Victim-5

11.   I have learned, in substance and in part, about the following fraudulent activity involving the account of Victim-5.

a.   Based on my review of video surveillance from Bank-1, and my comparison of individuals in the surveillance footage with images from law enforcement and other databases of ANGELO ALVARADO, the defendant, I have learned that, ALVARADO defrauded Bank-1 by using a fraudulent debit card containing the true and correct bank account number connected to the Bank-1 account of Victim-5.

b.   I have learned from video surveillance and other records that, on or about February 2, 2019, at approximately 11:23 a.m., ALVARADO performed an account balance inquiry for Victim-5, at an ATM located in Wappinger Fall, New York. On the same day, at approximately 11:25 a.m., video surveillance at a bank teller window in Wappinger Fall, New York, showed that

6

ALVARADO made two withdrawals totaling approximately $2,400 from the account of Victim-5.

    c. Based on discussions with investigators at Bank-1 and my review of Bank-1 records, I learned that Victim-5 did not authorize ALVARADO to access or receive funds from Victim-5's account.

### Victim-6

  12. I have learned, in substance and in part, about the following fraudulent activity involving the account of Victim-6.

    a. Based on my review of video surveillance from Bank-1, and my comparison of individuals in the surveillance footage with images from law enforcement and other databases of NISAIAH NOBLE and DARRYL HENDERSON, the defendants, I have learned that, NOBLE and HENDERSON defrauded Bank-1 by using a fraudulent debit card containing the true and correct bank account number connected to the Bank-1 account of Victim-6.

    b. I have learned from video surveillance and other records that, on or about March 9, 2019, at approximately 7:45 p.m., NOBLE performed an account balance inquiry for Victim-6 at an ATM located in New York, New York. On or about April 4, 2019, at approximately 1:20 p.m., video surveillance at a bank teller window located in New York, New York, showed that HENDERSON made two withdrawals totaling approximately $9,000 from the account of Victim-6.

    c. Based on discussions with investigators at Bank-1 and my review of Bank-1 records, I learned that Victim-6 did not authorize NOBLE or HENDERSON to access or receive funds from Victim-6's account.

### Victim-8

  13. I have learned, in substance and in part, about the following fraudulent activity involving the account of Victim-8.

    a. Based on my review of video surveillance from Bank-1, and my comparison of individuals in the surveillance footage with images of ANGELO ALVARADO, the defendant, from law enforcement and other databases, I have learned that, ALVARADO defrauded Bank-1 by using a fraudulent debit card containing the true and correct bank account number connected to the Bank-1 account of Victim-8.

b.    I have learned from video surveillance and
other records that, on or about March 30, 2019, at approximately
11:16 a.m., ALVARADO performed an account balance inquiry for
Victim-8, among others, at an ATM located in Kingston, New York.
On the same day, at approximately 11:28 a.m., video surveillance
at a bank teller window in Kingston, New York, showed that ALVARADO
made two withdrawals totaling approximately $2,047 from the
account of Victim-8.

c.    Based on discussions with investigators at
Bank-1 and my review of Bank-1 records, I learned that Victim-8
did not authorize ALVARADO to access or receive funds from Victim-
8's account.

WHEREFORE, the deponent respectfully requests that warrants
be issued for the arrests of ANGELO ALVARADO, DMICHAEL BARNES,
DARRYL HENDERSON, NISAIAH NOBLE, JONATHAN RIOS, and GENESIS
WILSON, and that they be arrested, and imprisoned or bailed, as
the case may be.

KAYVAN KAZEMI
Postal Inspector
United States Postal Inspectors Service

Sworn to before me this
2 day of December, 2019

THE HONORABLE BARBARA MOSES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

8